UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| WALTER DAVID GRAY, | ) | No. CV 11-00190-VAP (VBK) |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER RE DISMISSAL OF ACTION FOR FAILURE TO |
| v. | ) ) | PROSECUTE |
| M. TABER, et al., | ) ) | |
| Defendants. | ) ) | |

   Pro se Plaintiff Walter David Gray (hereinafter referred to as "Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. §1983 on January 6, 2011, pursuant to the Court's Order re Leave to File Action Without Prepayment of Full Filing Fee.

   On March 28, 2011, the Court issued an Order directing service of the Summons and Complaint on Defendants M. Taber, S. Lopez, Joseph Branch and Ardrick Elmore.

   On September 29, 2011, Defendants Joseph Branch, Ardrick Elmore, S. Lopez and M. Taber filed "Defendants' Notice of Motion and Motion to Dismiss Complaint;" "Declaration of Appeals Coordinator in Support of Defendants' Motion to Dismiss Plaintiff's Complaint;" "Declaration of D. Foston in Support of Defendants' Motion to Dismiss Plaintiff's

Complaint;" "Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Complaint;" "Notice to Pro Se Inmate for Opposing Defendants' Unenumerated 12(b) Motion under Wyatt V. Terhune;" "[Proposed] Order Dismissing Complaint."

On October 4, 2011, the Court issued a Minute Order regarding Plaintiff's obligation in responding to Defendants' Motion under Wyatt v. Terhune, 314 F.3d 1108, 1119 (9th Cir. 2003).

On November 10, 2011, Plaintiff filed a "Motion for Extension of Time to Amend Complaint."

On November 28, 2011, Plaintiff filed an "Opposition to Defendants' Motion to Dismiss Complaint" and "Declaration of Walter David Gray re Objections/Opposition."

On May 17, 2012, a Report and Recommendation of United States Magistrate Judge was issued granting Defendants' Motion to Dismiss on the grounds that Plaintiff had not fully exhausted his administrative remedies; Plaintiff's claims of constitutional violations based on his arrest and incarceration were barred by the favorable termination rule; Plaintiff's supervisory claim was vague and conclusory; and Plaintiff failed to state an excessive force claim. (Docket No. 76.)

The Court docket lists Plaintiff's address as CIM RCE Palm Hall West – ADA Cell 121, P. O. Box 441, Chino, California 91708.

On May 25, 2012, the Court was informed that Plaintiff is no longer in custody. (See, "Return to Sender – Inmate Paroled," Docket Nos. 77 and 78.)

On June 4, 2012, the Court issued an Order to Show Cause re Dismissal requiring Plaintiff to notify the Court of his current address.

Central District Local Rule 41-6 provides:

    "DISMISSAL - FAILURE OF PRO SE PLAINTIFF TO KEEP COURT APPRISED OF CURRENT ADDRESS - A party appearing pro se shall keep the Court apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se Plaintiff's address of record is returned undelivered by the Post Office, and if within fifteen (15) days of the service date, such Plaintiff fails to notify, in writing, the Court and opposing parties of said Plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."

    Plaintiff was ordered to respond within 15 days of the date of the Order. Plaintiff was advised that if he failed to apprise the Court of his current address, the Court would recommend the action be dismissed with prejudice. (See Docket No. 79.)

    On June 8, 2012, the mail addressed to Plaintiff was returned with a notation "Paroled." (See Docket No. 80.)

    Here, Plaintiff has failed to notify the Court of his current address within 15 days of the service date of the undelivered Order to Show Cause described above, as required by Local Rule 41-6. His failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). There, in affirming the District Court's dismissal of a case for failure to prosecute, the Ninth Circuit observed that "[I]t would be absurd to require the District Court to hold a case in abeyance indefinitely just because it is unable, through the Plaintiff's own fault, to contact the plaintiff to determine if his

3

reasons for not prosecuting his lawsuit are reasonable or not."

### DISCUSSION

It is well established that a District Court has authority to dismiss an action because of failure to prosecute or to comply with Court Orders. <u>See</u>, Fed. R. Civ. P. 41(b); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962), (authority to dismiss for lack of prosecution necessary to prevent undue delay in disposing of pending cases and avoid congestion in Courts' calendars); <u>Ferdik v. Bonzelet</u>, 936 F.2d 1258, 1260 (9th Cir. 1992), (authority to dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or to comply with court orders, a court should consider five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>In Re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to prosecute); <u>Ferdik</u>, 936 F.2d at 1260-61 (9th Cir. 1992)(failure to comply with court orders).

In the instant action, the first two factors -- public interest in expeditious resolution of litigation and the need to manage the Court's docket -- weigh in favor of dismissal. Plaintiff has failed to comply with the Court's Orders requiring Plaintiff to notify the Court of his address, despite being warned of the consequences and granted sufficient time in which to do so. Plaintiff's conduct hinders the Court's ability to move this case towards disposition, and indicates that Plaintiff does not intend to litigate this action

4

diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility, despite having been granted sufficient time in which to do so. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal. The Court cannot move the case towards disposition without Plaintiff's compliance with court orders or participation in its litigation. Plaintiff has shown that he is either unwilling or unable to comply with court orders by filing responsive documents.

Under these circumstances, dismissal for failure to prosecute is appropriate. Such a dismissal should not be entered unless the Plaintiff has been notified that dismissal is imminent. See, West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). However, Plaintiff was warned about the possibility of dismissal in the Court's Orders.

1    It is **THEREFORE ORDERED** that this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41-6 and the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute.  See also Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 2, 2012

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented on
June 25, 2012 by:

_____/s/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE